IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01725-BNB

MANUEL MERGIL

Plaintiff,

v.

JASON MARTINEZ,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Manuel Mergil is in the custody of the Denver Sheriff Department and is currently incarcerated at the Denver County Jail. Mr. Mergil initiated this action by filing a ***pro se*** Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when Defendant Jason Martinez assaulted and verbally harassed him.

The Court must construe the Complaint liberally because Mr. Mergil is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not act as an advocate for ***pro se*** litigants. ***See id.***

Mr. Mergil has been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss ***sua sponte*** an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. ***Neitzke v. Williams***, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Complaint, Mr. Mergil raises three claims. First, he alleges that Defendant Jason Martinez verbally abused him on several occasions. Complaint at 4. Second, he alleges that Defendant Martinez assaulted him. ***Id.*** at 5. Third, he asserts that Defendant Martinez "singled [him] out" in the mess hall. ***Id.*** at 6.

Nothing Mr. Mergil asserts against Defendant Martinez rises to the level of a constitutional deprivation. Even though Mr. Mergil alleges that Defendant Martinez shouted at him, used profane language and "singled [him] out" for harassing treatment, verbal harassment and threats without more do not state an arguable constitutional claim. ***See Northington v. Jackson***, 973 F.2d 1518, 1524 (10th Cir. 1992); ***Cumbey v. Meachum***, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); ***Collins v. Cundy***, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

Furthermore, Mr. Mergil's allegations that Defendant Martinez "hit [him] in the shoulder to wake [him] up," and that Defendant Martinez "shoved his shoulder into [Mr. Mergil's] chest 2 times," do not state a claim of excessive force. Complaint at 5. Plaintiff fails to assert any physical injury due to the alleged use of excessive force. A

claim of excessive force requires some actual injury that is not de minimis. ***Cortez v. McCauley***, 478 F.3d 1108, 1129 (10th Cir. 2007). Plaintiff, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to his verbal harassment or assault claims against Defendant Martinez. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 1st day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01725-BNB

Manuel Mergil
Prisoner No. 1628754
P.O. Box 140717
Lakewood, CO 80214

Manuel Mergil
Prisoner No. 1628754
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk